IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| YELKAL IDO, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-94-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| FELICIA SKINNER, *et al.* | : | |
| | : | |
| Respondents. | : | |

### RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' motion to dismiss, filed on October 21, 2011. (ECF No. 16.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. (Pet. for Writ of Habeas Corpus 2, ECF No. 1.) On November 7, 2011, Respondents filed a Notice of Petitioner's Removal (ECF No. 24) showing that Petitioner was removed to his native country of Ethiopia on November 2, 2011. (Notice of Pet'r's Removal Ex. 1 at 2.) Because of Petitioner's removal, Respondents now contend that Petitioners' pending § 2241 petition is moot and should be dismissed as such. (*See* Notice of Pet'r's Removal 1-2.) The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur

subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.  Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted.  *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).  Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional."  *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs.  Because Respondents' motion to dismiss is based on grounds other than mootness, the Court recommends that the District Judge DENY Respondents' motion to dismiss (ECF No. 16) as itself being moot.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 15th day of November, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE